SWANN, Judge.
The appellant, Joseph Cleveland Moore, appeals a conviction for breaking and entering a building with intent to commit petit larceny and petit larceny. The essential facts are these.
A church in Dade County, Florida, was broken into some time between December 17, 1964 and December 19, 1964. A Bogen amplifier was missing and the police were called, arriving at 10:59 A.M. December 19, 1964. While driving in his police car at approximately 4:30 A.M. of the same day, Officer James E. Kellish of the City of Miami Police Department saw the appellant walking south along a railroad track, carrying a large bundle wrapped in newspapers. When the police car turned the corner, the appellant turned and began walking in the opposite direction along the railroad track. As Officer Kellish backed up his police car, the appellant turned again and began walking south on the railroad tracks. The officer stopped his car, called the appellant over, and questioned him as to what the bundle which he was carrying contained. The appellant stated that it was clothes wrapped in newspapers for protection from the rain. When Officer Kellish asked the appellant if he could see what was in the bundle, the appellant then stated it was a radio which he was going to pawn later that morning. The appellant gave the bundle to Officer Kellish, who placed it on the back of the police car, unwrapped it, and found it to be a Bogen amplifier, which bore markings indicating it had come from a church.
The appellant then stated he had found the amplifier, and Officer Kellish informed him he was under arrest for breaking and entering. The trial judge found the defendant guilty as charged, and this appeal was properly taken.
The appellant contends that the instant case should be reversed for two reasons. His first contention is that the State failed to prove a prima facie case because it failed to prove the defendant was found (a) in *165 possession of recently stolen property (b) at a time subsequent to the breaking and entering of the church. The second contention was that the search was not incident to a valid arrest.
It is clear that the appellant was searched prior to his arrest and that he was not placed under arrest until after the seizure of the Bogen amplifier. The officer had no knowledge of a felony, or crime being committed prior to the search.
This case is controlled by Kraemer v. State, Fla.1952, 60 So.2d 615, in which the Supreme Court stated that when the police officer lifted a package from the basket on the rear seat of the automobile and looked beneath it, a search was commenced, and where such search was made without a warrant, before any arrest had been made and on mere suspicion without probable cause, it was unlawful, though it resulted in discovery of packages of money and lottery tickets.
The cases where the fruits of an illegal search, prior to arrest, are inadmissible in evidence, are too numerous for citation; however, in a similar case, Pigg v. United States, 8 Cir., 1964, 337 F.2d 302, the United States Court of Appeals reversed a conviction based upon an unreasonable search. In that case, a police officer stopped the defendant at 10:50 P.M. The defendant was walking down the street with a box bearing a label with the words “International Shoe Company” clearly visible. The defendant was well known to the officer as a “noted thief”. The officer asked him where he was going with the box and where he got it. After the defendant stated that he had found it, the officer replied, “I bet you stole it”, and the defendant said, “I wouldn’t doubt it.” The officer took the box from the defendant and placed him under arrest. It was subsequently discovered that the box contained property stolen from an interstate shipment. At the time of defendant’s arrest, the officer knew nothing of the theft. The court held that the search of the defendant was not made incident to a valid arrest, and stated:
* A' * :|: * *
“ * * * We cannot escape the conclusion that this is another case where an attempt is made to establish probable cause by the fruits of the search and seizure and by other after-acquired information, a practice long condemned. (Citations omitted). Without such post-arrest information, it clearly and unmistakably appears that the arrest stemmed from mere suspicion ; it was not based upon information which would warrant a reasonable prudent person in believing that'appellant was violating or had violated the law. As a consequence, appellant’s motion to suppress should have been granted.”
******
It is not necessary to discuss the appellant’s other contentions, since we have found that the search was not incident to a valid arrest. The judgment appealed from is therefore reversed.
Reversed.