529 So.2d 825 (1988)
Cedric SPANN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0512.
District Court of Appeal of Florida, Fourth District.
August 17, 1988.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Amy Lynn Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
In this drug possession case, while surveilling a particular area, the police noticed a vehicle with a white female driver, and a white male front seat passenger, and appellant, a black back seat passenger, stop near the intersection of 27th Avenue and North Gifford Road in a black neighborhood. The car pulled off the pavement onto the shoulder and the car lights were turned off. Appellant got out of the car, walked down the street, and entered a nearby restaurant. In a few minutes he returned to the car; whereupon, the white male exited the car and, as the police approached, they ordered appellant to "freeze, stop." Appellant stopped and then dropped an aluminum package near his feet; the officers then told him to put his hands on the hood of the car. The police picked up the package and recognized it as cocaine. They then searched appellant and found a bag of marijuana in his rear pocket. Appellant was thereupon arrested for possession of cocaine and marijuana.
At a motion to suppress hearing an officer testified that he had seen other whites using black people to make drug purchases for them so that they would not get "ripped off." The officer believed that is what was going down here because of the mix of people in the car, the black man going into the restaurant where drugs were known to be sold, and his returning to the vehicle. No exchange or transaction was observed by the officer.
We hold the observations made by the officer, even in the light of his experience and knowledge, were insufficient to *826 constitute a founded suspicion that appellant had committed, was committing, or was about to commit a crime justifying a stop under section 901.151, Florida Statutes. Furthermore, based upon the stipulation of the parties filed in this cause that the defendant dropped the cocaine packet as a result of the order of the law enforcement officer to stop, we hold that the state's abandonment theory is not persuasive.
Accordingly, the judgment and sentence appealed from are reversed.
DOWNEY, GUNTHER, JJ., and VITALE, LINDA L., Associate Judge, concur.