540 So.2d 254 (1989)
Charles WALLACE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2317.
District Court of Appeal of Florida, Fourth District.
March 29, 1989.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
This appeal is from the denial of a motion to suppress predicated on a police officer's demand that the defendant reveal what was concealed in his hand. We reverse.
The state concedes that "the officer did not have a well-founded suspicion to stop the defendant and make a search." The only issue before this court is whether there was an abandonment. When the officer here asked the defendant what he had in his hand, he replied: "nothing." He then opened a blue pill bottle in his hand *255 and threw the contents to the ground. The contents included a cocaine rock.
As was said in State v. Oliver, 368 So.2d 1331, 1335 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1200 (Fla. 1980); "[a] police demand that an individual disclose or hand over a concealed object is treated as a search." Despite the foregoing, the Third District found in Oliver that an abandonment occurred. However, the two suspects in that case had ridden off on their bicycles, discarding a bag as they rode away, before the officers ever made any demand. Recently, in Spann v. State, 529 So.2d 825, 826 (Fla. 4th DCA 1988), this court held that when a police officer stops a defendant in his tracks without founded suspicion, and the defendant drops something, "the state's abandonment theory is not persuasive." See also Moore v. State, 181 So.2d 164 (Fla. 3d DCA 1965). We, likewise, agree that the state's abandonment argument is not persuasive in the case now before us.
Accordingly, the judgment and sentence appealed from are reversed.
REVERSED AND REMANDED.
GLICKSTEIN and WARNER, JJ., concur.