ANSTEAD, Judge,
concurring in part and dissenting in part.
While I would agree with the majority that the evidence presented at trial was sufficient to support appellant’s conviction, it would appear that the trial court’s order denying appellant’s motion to suppress conflicts with the Florida Supreme Court’s ruling in Bostick v. State, 554 So.2d 1153 (Fla.1989). In Bostick, it was held that the police may not board buses or trains and approach passengers to seek consent to search their luggage. The court held that an encounter with a citizen under such circumstances constitutes an unlawful detention. This case involves such an encounter on a moving train in Broward County. See also Alvarez v. State, 515 So.2d 286 (Fla. 4th DCA 1987 (approved in Bostick at 1157).
Furthermore, this court has held in Spann v. State, 529 So.2d 825 (Fla. 4th DCA 1988), that once a detention takes place the state cannot rely on a theory of abandonment to justify seizure of the con *372 traband. See also Michigan v. Chesternut, 486 U.S. 567, 108 S.Ct.1975, 100 L.Ed.2d 565 (1988).