568 So.2d 523 (1990)
STATE of Florida, Appellant,
v.
David BARTEE, Appellee.
No. 89-3329.
District Court of Appeal of Florida, First District.
October 22, 1990.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahasse, for appellant.
Barbara M. Linthicum, Public Defender, and Lawrence M. Korn, Asst. Public Defender, Tallahasse, for appellee.
JOANOS, Judge.
The state appeals an order granting appellee's motion to suppress physical evidence, i.e., contraband. The narrow issue in this case is whether the contraband was abandoned voluntarily. We affirm.
The record reflects that appellee was encountered by officers assigned to execute arrest warrants in a Gainesville residential area. Appellee was not the subject of an arrest warrant. One of the officers approached appellee and asked if he had seen the direction taken by a suspect who had fled upon sight of the officer. The officer wore a bullet-resistant vest and a raid jacket with a sheriff's star pinned on it, and he carried a firearm which was covered by his raid jacket. Appellee pointed to a duplex, and said the person in question had gone into the duplex. The officer described appellee as very nervous, and very hesitant to talk to him. The conversation was brief, and when the officer stepped back slightly, appellee ran, whereupon the officer ran after him. The officer testified that he told appellee to stop, and asked why he was running.
Appellee continued to run, followed by the officer. When the officer was approximately twenty yards from appellee, he saw appellee reach into his right pocket. At that point, the officer reached for his gun. The officer then observed appellee throw a pill bottle. He retrieved the bottle, determined that it contained crack cocaine, and *524 radioed to a fellow officer to arrest appellee for possession of cocaine. When asked if he ever told appellee to put his hands in the air, the officer stated, "I told him I wanted to see his hands. I didn't know if he was going for a gun or what."
The trial court ruled that the officer was without cause to chase appellee or to order appellee to stop, that such acts constitute seizure under the Fourth Amendment, and that appellee's subsequent act of throwing the contraband resulted from the officer's unlawful conduct. After making such determination, the trial court granted the motion to suppress evidence.
Where a police chase or "stop" is unjustified, the question becomes whether contraband seized as a result of the unlawful stop was abandoned voluntarily, or whether the abandonment was an involuntary act directly attributable to the unlawful stop. State v. Arnold, 15 F.L.W. D292, (Fla. 4th DCA Jan. 31, 1990); State v. Oliver, 368 So.2d 1331, 1334-35 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1200 (Fla. 1980). If the abandonment was voluntary, no search of the person occurred. Arnold, 15 F.L.W. D292-293; Oliver, 368 So.2d at 1334. If the abandonment was involuntary as being tainted by the unreasonable police stop, "such a search has taken place under the fruit of the poisonous tree doctrine." Oliver, 368 So.2d at 1334-1335, citing Wong Sun v. U.S., 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963).
There is considerable case law holding that a prerequisite to involuntary abandonment is the commencement of an illegal search prior to the abandonment. See, e.g., State v. Perez, 15 F.L.W. D1355 (Fla. 3d DCA May 15, 1990); State v. Arnold, 15 F.L.W. D292 (Fla. 4th DCA Jan. 31, 1990); Oliver, 368 So.2d at 1335, and cases cited therein; United States v. Collis, 766 F.2d 219, 222 (6th Cir.), cert. denied, 474 U.S. 851, 106 S.Ct. 150, 88 L.Ed.2d 124 (1985); United States v. Jones, 707 F.2d 1169, 1172 (10th Cir.), cert. denied, 464 U.S. 859, 104 S.Ct. 184, 78 L.Ed.2d 163 (1983). In this vein, the inquiry has been whether the defendant had a reasonable expectation of privacy in the area where the property was abandoned, "as where a person discards property (a) in the open fields while being pursued by the police, ... or (b) in the public street either prior to an attempted police stop, ... or after such a stop has been attempted or completed, ..." Oliver, 368 So.2d at 1335. See also Perez, 15 F.L.W. D1355; Collis, 766 F.2d at 222; Jones, 707 F.2d at 1172.
At the outset, the record in this case supports the trial court's conclusion that the stop was improper, and the state does not seriously contest this determination. Moreover, the facts of this case are remarkably similar to the facts in Arnold. Citing Oliver, the fourth district court of appeal in Arnold concluded that the voluntariness of an abandonment turns upon whether a search had commenced prior to the abandonment, and not upon whether there was an unreasonable police stop. Thus, under the Oliver/Arnold rationale, a search occurs when "police demand that an individual hand over or disclose a concealed object," but it is not a search for police to retrieve property which an individual abandoned in an area where he has no reasonable expectation of privacy." Arnold, 15 F.L.W. at D293. The Arnold court found the abandonment in that case was not in response to the commencement of an illegal search, and the narcotics were not retrieved from a place where the defendant had a reasonable expectation of privacy.
A different result obtained in Spann v. State, 529 So.2d 825 (Fla. 4th DCA 1988). In Spann, officers on surveillance noticed a vehicle with a white female driver, a white male front seat passenger, and a black male back seat passenger. The car stopped on the shoulder of the road in a black neighborhood. The black male exited from the vehicle, and entered a nearby restaurant. He returned to the car in a few minutes, and the white male exited from the car. The police approached and ordered appellant (the black male) to "freeze, stop." Appellant stopped, then dropped an aluminum package near his feet. The officer retrieved the package, recognizing it as cocaine. In the subsequent *525 search, a bag of marijuana was found in appellant's rear pocket. At the suppression hearing, the officer testified that he had seen whites use black people to make drug purchases, to avoid being cheated. The court held that notwithstanding the officer's experience and knowledge, his observations were insufficient to justify a stop under section 901.151, Florida Statutes. In view of the unlawful stop, and based upon the parties' stipulation that the defendant dropped the cocaine packet as a result of the officer's order to stop, the court rejected the state's abandonment theory and reversed the trial court's denial of the motion to suppress. 529 So.2d at 826.
In Perez, as in Spann, the officer ordered the defendant "to freeze" or to stop. The trial court in Perez granted the motion to suppress, reasoning that the defendant's abandonment of a firearm was a product of the attempted illegal stop. The appellate court reversed, finding that since the case involved an illegal stop, as opposed to an illegal search, the police were entitled to seize the firearm as abandoned property and the motion to suppress should have been denied. The court then went on to certify conflict with the fourth district's decision in Spann, as being factually similar to Perez.
We recognize that body of case law which holds that a voluntary abandonment of contraband is not rendered involuntary by a prior unlawful stop. However, we are also cognizant that it is the trial court's prerogative to evaluate and to weigh the testimony as to whether the abandonment was voluntary or involuntary. See State v. Manuel, 526 So.2d 85, 86 (Fla. 4th DCA 1987). In this vein, we find that the trial court's ruling on the motion to suppress in this case is consistent with decisions of this court on the same principle, see, e.g., Dames v. State, 566 So.2d 51 (Fla. 1st DCA 1990); Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989), and is in accord with the decision of the fourth district in Spann.
Accordingly, we affirm the order granting the motion to suppress evidence, on the basis of Dames v. State and Spann v. State. However, we certify that this decision is in conflict with decisions in State v. Perez and State v. Arnold, both of which reversed the grant of motions to suppress on facts similar to those in the instant case.
ERVIN and BARFIELD, JJ., concur.