586 So.2d 1321 (1991)
Willie COX, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02558.
District Court of Appeal of Florida, Second District.
October 4, 1991.
James Marion Moorman, Public Defender, Bartow, and Vince E. Turner, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine B. Johnson, Asst. Atty. Gen., Miami, for appellee.
THREADGILL, Judge.
Willie Cox pleaded no contest to possession of cocaine and possession of marijuana reserving the right to appeal the denial of his motion to suppress. We reverse.
At the suppression hearing, it was established that on March 8, 1990, at 3:00 a.m. in *1322 the vicinity of the Tampa Airport, a Tampa police officer stopped a 1989 or 1990 white four-door Oldsmobile Cutlass displaying a rental tag and being driven by the appellant. Such a car had been included in a monthly list of stolen vehicles the officer had received at roll-call. The officer did not have the list with him, but remembered a "white Oldsmobile" was among the fifteen vehicles reported stolen. The officer did not know the year of the stolen car, the date it was stolen, the agency it was stolen from or its tag number. The officer did not check the appellant's tag number through the police computer prior to the stop to determine if the car was stolen, because the computers were slow. A later computer check revealed that the car had not been stolen.
When the appellant stepped out to talk to the officer, he dropped a baggie of marijuana to the ground. The officer then arrested him for possession of marijuana, searched him, and found a rock of cocaine in his waistband. The appellant argues that the evidence should have been suppressed because the initial stop was illegal. We agree.
The description upon which the officer relied in this case was too general to constitute a founded or reasonable suspicion for a stop. Lewis v. State, 337 So.2d 1031 (Fla. 2d DCA 1976). In Lewis we held that a description of two white males in a red Volkswagon selling drugs on the north side of Lakeland and heading south was too vague to justify a stop. The description in this case likewise lacks distinguishing details upon which reasonable suspicion for a stop could be based.
It is clear that the appellant's act of abandoning or accidently dropping the marijuana was prompted by or the result of the officer's illegal stop. There was a direct connection between the unlawful police conduct and the discovery of the marijuana and later, after a search of the appellant, the cocaine. Since the initial stop was unlawful, the evidence seized as a result of that stop should have been suppressed. Curry v. State, 576 So.2d 890 (Fla. 2d DCA 1991); contra State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979), cert. dismissed, Oliver v. State, 383 So.2d 1200 (Fla. 1980). Accordingly, the trial court erred by denying the motion to suppress.
Reversed and remanded with instructions to the trial court to vacate the judgments and sentences.
SCHEB, A.C.J., and ALTENBERND, J., concur.