JOANOS, Chief Judge.
The State of Florida has appealed an order of the trial court granting Aldo Ray Wilson’s motion to suppress. We reverse and remand for further proceedings.
Wilson was charged with possession of a firearm by a convicted felon, carrying a concealed firearm, obstructing a police officer, and possession of marijuana and cocaine. The charges were brought after a police officer, patrolling an area known for its drug traffic, observed Wilson and another person standing on the porch of a store. Wilson was holding a black, book-sized pouch into which the other person was peering, but the officer observed no exchange of objects or money, and could not see inside the pouch. When the officer exited his car, Wilson dropped the pouch and began running. The officer gave chase, during which he observed Wilson drop an object to the ground; the object was later found to be a loaded gun.
After Wilson was caught, officers transported him to the sheriff’s office for an interview. Wilson admitted that the gun was his, and the officers also discovered that he was a convicted felon. Wilson was arrested, and charged with possession of a firearm by a convicted felon, carrying a concealed firearm, and obstructing a police officer. He was searched pursuant to the arrest, and officers discovered cocaine and marijuana; two counts of possession were added to the charges against him.
Wilson thereafter moved to suppress the gun and the drugs, citing State v. Bartee, 568 So.2d 523 (Fla. 1st DCA 1990) (defendant’s act of discarding drugs while being pursued by police officer during unlawful chase resulted from officer’s unlawful conduct, and thus abandonment of the drugs was involuntary and they were unlawfully seized). Wilson argued that the officer’s pursuit constituted a seizure, unlawful because the officer’s pre-chase observations were not sufficient to create a founded suspicion of criminal activity. Because the gun was abandoned during the unlawful “seizure,” the abandonment was involuntary under Bartee, and the gun should be suppressed, along with the drugs obtained as a result of the gun-based arrest.
The trial court agreed, classifying the chase as a seizure, which it found unlawful in that the officer’s observations were insufficient to create a founded suspicion of criminal activity. Finding that the gun was therefore involuntarily abandoned, and that the drugs were the tainted “fruits” of the seizure of the gun, the court ruled that all of the evidence should be suppressed. Eleven days later, the United States Su *1107 preme Court decided California v. Hodari D., 499 U.S. -, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).
In Hodari D,, a youth fled when he saw police approaching. An officer pursued him, during which the youth discarded a rock of cocaine. The trial court denied a motion to suppress the cocaine, and the California appellate court reversed. The Supreme Court agreed with the trial court. It held that, despite the state’s concession that the pursuit was not based on reasonable suspicion, the discarded cocaine was not the result of a “seizure” under the 4th Amendment. The Court explained that, assuming the pursuit constituted a show of authority enjoining the defendant to halt, he did not comply and was not seized until he was caught. Therefore, the drugs abandoned during the chase were not the fruit of a seizure, but were lawfully recovered by the police and should have been admitted. Hodari D., 499 U.S. at-, 111 S.Ct. at 1552, 113 L.Ed.2d at 699.
The State argues that the gun herein was not the fruit of an unlawful seizure as found by the trial court, in that, under Hodari, no seizure occurred until Wilson was caught, Wilson concedes this position, but argues that the suppression order should be affirmed as to the drugs, in that they were the fruits of an illegal arrest. That is, police did not know that Wilson was a convicted felon until after the stop, for which the trial court held there was no founded suspicion, and the evidence was insufficient to support the remaining two charges.
The clear basis for the suppression order entered herein was that Wilson involuntarily abandoned the gun during an unlawful seizure (the chase), and that it must therefore be suppressed along with its “fruits,” the drugs. However, under Hodari D., no seizure occurred until the officer caught Wilson. Therefore, Wilson must be held to have voluntarily abandoned the gun. It was thereafter lawfully recovered by the police and need not be suppressed on the grounds argued below. As for appellee’s argument that the order should nevertheless be affirmed as to the subsequent discovery of the drugs, the grounds he now posits were never argued to the trial court as a basis for suppression. We therefore decline to consider them.
The order of the trial court suppressing the evidence against Wilson is hereby reversed, and the case remanded for further proceedings on the charges against him.
BOOTH and WOLF, JJ., concur.