596 So.2d 521 (1992)
STATE of Florida, Appellant,
v.
Carl HOLLINGER, Appellee.
No. 91-1638.
District Court of Appeal of Florida, Fifth District.
April 3, 1992.
*522 Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and James M. Cadwell, Asst. Public Defender, Daytona Beach, for appellee.
DIAMANTIS, Judge.
The state appeals the order of the trial court granting appellee's motion to suppress cocaine. We reverse.
On February 20, 1991, at approximately 9:45 p.m., the drug unit of the Orange County Sheriff's Office was conducting a drug sweep. The sweep consisted of seven or eight drug unit officers who wore outfits consisting of a black mask, sheriff's office smock, gun belt and flashlight. An unmarked automobile containing Deputy Hanton and three other officers pulled into a grocery parking lot. Appellee was standing alone in the middle of the lot while other persons were located on the front porch of the grocery store and another group of individuals was situated at the north end of the lot.
After Hanton's vehicle stopped within ten feet of appellee, Hanton exited and announced that he was a deputy sheriff. Hanton then proceeded to walk toward appellee, who was standing about three feet from the group of individuals located at the north end of the lot. The other officers proceeded toward the other individuals located in that area with the exception of an officer who remained in an automobile at that time. Hanton observed appellee place one of his hands behind his back and drop a white tissue. Hanton initially said nothing else to appellee other than identifying himself  he neither ordered appellee to drop the tissue nor to drop whatever was in appellee's hand. Hanton then asked appellee to place his hands in front of himself. Hanton retrieved the tissue which contained six rocks of a substance which field-tested positively as cocaine.
The trial court suppressed the cocaine because it concluded that under these circumstances appellee was illegally detained. Specifically, the trial court concluded that the appellee was not free to move. Even assuming, arguendo, that appellee was illegally detained, appellee precipitately discarded the cocaine by dropping the tissue containing the cocaine in order to prevent the officers from finding incriminating evidence upon his person. This abandonment was voluntary because it was not in response to any police request or command. By discarding the tissue appellee forfeited all expectation of constitutional protection which he may have claimed regarding possession of the tissue and its contents. Curry v. State, 570 So.2d 1071 (Fla. 5th DCA 1990); A.G. v. State, 562 So.2d 400 (Fla. 3d DCA 1990); State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979).
We reject the conclusion that appellee was illegally seized. To constitute a seizure there must be either application of physical force by the officer or submission by the suspect to a show of authority. California v. Hodari D, ___ U.S. ___, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). In the instant case, Hanton applied no physical force on appellee nor did appellee submit to any show of authority.
Accordingly, we reverse the trial court's order granting appellee's motion to suppress the cocaine. To the extent that Cox v. State, 586 So.2d 1321 (Fla. 2d DCA 1991); Wallace v. State, 540 So.2d 254 (Fla. 4th DCA 1989); and Spann v. State, 529 So.2d 825 (Fla. 4th DCA 1988) are contrary, we acknowledge conflict.
REVERSED.
*523 COWART, J., concurs.
GOSHORN, C.J., concurs in result only.