620 So.2d 1242 (1993)
Carl HOLLINGER, Petitioner,
v.
STATE of Florida, Respondent.
No. 79800.
Supreme Court of Florida.
June 24, 1993.
James B. Gibson, Public Defender, George D.E. Burden and S.C. Van Voorhees, Asst. Public Defenders, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., David S. Morgan and Rebecca Roark Wall, Asst. Attys. Gen., Daytona Beach, for respondent.
GRIMES, Justice.
We review State v. Hollinger, 596 So.2d 521 (Fla. 5th DCA 1992), because of certified conflict with Cox v. State, 586 So.2d 1321 (Fla. 2d DCA 1991), Wallace v. State, 540 So.2d 254 (Fla. 4th DCA 1989), and Spann v. State, 529 So.2d 825 (Fla. 4th DCA 1988). We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
The facts of this case are set out fully in the opinion below. Basically, several members of the Orange County Sheriff's Department were conducting a drug sweep. They pulled into a parking lot, exited their vehicle, announced "Orange County Sheriff's Office," and approached a group of people. The officers were clad in black masks and SWAT-team-type regalia. One of the officers noticed Hollinger put his hand behind his back and drop a tissue. The officer walked over and picked up the tissue, which proved to contain six rocks of cocaine.
The trial court granted Hollinger's motion to suppress the cocaine, and the district court of appeal reversed, relying in part on California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). There, the Supreme Court held that a seizure does not occur until a person is actually physically subdued by an officer or submits to an officer's show of authority. Accordingly, when a person runs after being approached by an officer and while running throws away contraband, the contraband is properly admitted in court even if the original order to stop was illegal. Since factually there has been no detention, the evidence could not be the product of an illegal detention. See Perez v. State, 620 So.2d 1256 (Fla. 1993).
*1243 Hodari draws a clear distinction between those who yield to the authority of the police and those who flee. A person who flees from a show of authority has not been seized, while a person who remains in place and submissive to the show of authority has been seized. Therefore, if a person submits to an officer's show of authority and does not attempt to escape, then a seizure has occurred and dropped contraband must be suppressed if the seizure was illegal.
In Spann, 529 So.2d 825, the police observed the defendant get out of a car and enter a nearby restaurant. A few minutes later the defendant returned to the car, whereupon the police ordered him to "freeze, stop." The defendant stopped and then dropped a package near his feet that proved to be cocaine. Because the defendant dropped the cocaine as a result of the illegal order to stop, the court held the evidence must be suppressed, rejecting the State's theory of abandonment.
Similarly, in Cox, 586 So.2d 1321, the police pulled a car over without reasonable suspicion. When the driver stepped out of the car to talk to the officer, he dropped a bag of marijuana to the ground. The court held that the act of abandoning or accidentally dropping the bag was a direct result of the illegal stop and the contraband should have been suppressed.
Finally, in Wallace, 540 So.2d 254, a police officer asked the defendant what he had in his hand, to which the defendant replied "nothing" and then threw a cocaine rock to the ground. The State conceded that the officer did not have a well-founded suspicion to stop the defendant. The district court found the abandonment to have been a direct result of the illegal stop and suppressed the contraband.
In all of the above cases, the defendant was stopped illegally, submitted to the officer's show of authority, and dropped contraband before it could be discovered on his person. Because the initial detention was illegal and the defendant was in fact seized, the court in each case suppressed the fruit of the illegal detention, as the contraband was not voluntarily abandoned. There is no requirement that a person must be ordered to drop an object before the abandonment can be considered involuntary. See State v. Anderson, 591 So.2d 611, 613 (Fla. 1992) ("An abandonment which is the product of an illegal stop is involuntary, and the abandoned property must be suppressed."). Hodari does not change this analysis because that case does not deal with the situation of a person being seized and then abandoning something, but rather with a person abandoning something before being seized. Nowhere in the Hodari opinion does the Court imply that evidence discarded by a defendant during an actual seizure should not be suppressed if that seizure is illegal.
Here, the district court found that Hollinger did not submit to a show of authority, in which case the contraband could be voluntarily abandoned because there would be no seizure. This is a closer case than Spann, Cox, or Wallace because the officers did not actually tell anyone to "freeze" and because their attention was not specifically directed toward Hollinger. However, the trial court made a factual finding that "a reasonable person under [these] circumstances would feel that he was not to move"  in other words that Hollinger did submit to a show of authority. While the evidence might also support a contrary view, we believe there is sufficient evidence to support this finding. Therefore, the cocaine was properly suppressed.
We approve the decisions in Spann, Cox, and Wallace, quash the decision of the court below, and remand for further proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.