627 So.2d 583 (1993)
Gary Lee HARRISON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2237.
District Court of Appeal of Florida, Fifth District.
December 3, 1993.
*584 James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Gary Lee Harrison appeals his adjudication of guilt and sentence for possession of crack cocaine following the trial court's denial of his motion to suppress evidence of the cocaine as well as statements and admissions made following his arrest. We reverse the denial of the motion to suppress.
An agent of the Brevard County Sheriff's Department initiated surveillance of a residence in an attempt to identify a suspect known only as "T." When Harrison arrived at the residence, the deputy walked over to him and inquired, "T?", to which Harrison responded by saying, "Yeah." The deputy identified himself and told Harrison to take his hand out of his pocket. When Harrison complied, a substance containing cocaine fell from his person. The agent's search of Harrison's clothing revealed what initially appeared to be crack cocaine, but what was later determined to be counterfeit. Harrison was charged with knowing possession of cocaine in violation of section 893.13(1)(f), Florida Statutes.
Whether the trial court correctly denied the motion to suppress depends upon whether the initial consensual encounter between the officer and Harrison evolved into a seizure before Harrison dropped the cocaine. We must hold that a seizure did occur under Hollinger v. State, 620 So.2d 1242 (Fla. 1993) and State v. Anderson, 591 So.2d 611 (Fla. 1992). In Anderson the supreme court held that "[an] abandonment which is the product of an illegal stop is involuntary, and the abandoned property must be suppressed." Anderson at 613. In Hollinger, the defendant dropped cocaine as a group of officers in black masks and SWAT-team-type regalia approached him and his companions in a parking lot during a drug sweep and announced that they were from the "Orange County Sheriff's Office." The trial court suppressed the cocaine ruling that the dropping of the cocaine under those circumstances was involuntary. The supreme court found the trial court properly suppressed the cocaine since the trial court's factual finding that "a reasonable person under [these] circumstances would feel that he was not to move" was sufficiently supported by the evidence. Id. at 1243.
Other Florida district courts have consistently held that orders or even requests to remove a hand from a pocket causes a consensual encounter to become a seizure. Johnson v. State, 610 So.2d 581 (Fla. 1st DCA 1992) (seizure where officer told appellant to remove his hands from his pockets and to turn around so that officer could get a good look at him), rev. denied, 623 So.2d 495 (Fla. 1993); Dees v. State, 564 So.2d 1166 (Fla. 1st DCA 1990) (seizure where the suspect was asked to step out of the parked vehicle and after she got out was asked several times to remove her hand from her pocket); Canion v. State, 550 So.2d 562 (Fla. 4th DCA 1989) ("what began as a mere encounter between the deputy sheriff escalated to a temporary detention when the deputy sheriff demanded that appellant remove his hand from his pocket"); Evans v. State, 546 So.2d 1125 (Fla. 3d DCA 1989) (seizure where appellant while sitting on a park bench at 4:00 A.M. was asked to take his hands out of his pockets for the officer's safety). In a recent case involving a parked automobile, the supreme court referred to the standard to apply when determining whether an encounter turns into a seizure when an officer requests an individual to do a particular act:

*585 Whether characterized as a request or an order, we conclude that Deputy Willmot's direction for Popple to exit his vehicle constituted a show of authority which restrained Popple's freedom of movement because a reasonable person under the circumstances would believe that he should comply. See Dees v. State, 564 So.2d 1166 (Fla. 1st DCA 1990).
Popple v. State, 626 So.2d 185 (Fla. 1993) (emphasis added).
The state relies on this court's decision in Curry v. State, 570 So.2d 1071 (Fla. 5th DCA 1990). In Curry, the police entered a bar, walked up behind Curry, and told him: "Stop. Police." Curry walked away but threw a pill bottle containing rocks of cocaine on the ground. In affirming the denial of a motion to suppress this court held, "Only when the police begin an actual physical search of a suspect does abandonment become involuntary and tainted by an illegal search and seizure." Curry at 1073. Curry is supported by the decision in California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (U.S.Cal. 1991) which held that a seizure does not occur until a person is actually physically subdued by an officer or submits to an officer's show of authority. Hodari drew "a clear distinction between those who yield to the authority of the police and those who flee." Hollinger at 1243. In Curry, the defendant did not submit to authority or comply with the officers' demand; he simply walked away, abandoning the cocaine as he ignored the order to stop. Here, Harrison, in full submission to the show of authority made, followed the order given to him by removing his hand from his pocket. The order and submission therefore constituted a seizure.
The judgment and sentence are vacated, the denial of the motion to suppress is reversed, and we remand for further proceedings.
REVERSED; REMANDED.
W. SHARP, and GOSHORN, JJ., concur.