662 So.2d 975 (1995)
STATE of Florida, Appellant,
v.
Marlon Jerron WRIGHT, Appellee.
No. 93-00816.
District Court of Appeal of Florida, Second District.
October 13, 1995.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellee.
PER CURIAM.
The state challenges the trial court's order granting the appellee's motion to suppress evidence. We find that the trial court erred in granting the motion to suppress and, accordingly, reverse.
The appellee was charged with one count of possession of cocaine in violation of section 893.13(1)(f), Florida Statutes (1991). Appellee filed a motion to suppress evidence on the basis that the police had no justification to arrest him and that when the officers commenced their pursuit of appellee he was in effect under arrest and illegally detained.
The only testimony presented at the hearing and the rehearing on appellee's motion *976 was the testimony of the arresting officer, Officer Rudolph Garrett of the Tampa Police Department. In deposition and trial testimony, Officer Garrett testified that he and his partner were in an unmarked car. They saw a group of black males standing on a street corner at a public housing site. They drove up to the group for the purpose of telling the group to disperse. When Garrett's partner got out of the vehicle, some of the men, including appellee, ran down an alley. Garrett's partner got out of the car and chased them. Garrett drove the car around the block to the other end of the alley. Garrett saw one of the black males come out of a vacant apartment and then force his way into another apartment which was occupied. Garrett observed appellee come out of the vacant apartment. Garrett then saw appellee throw to the side an object which was later determined to be cocaine. Appellee walked in the direction of Officer Garrett and in the direction of the occupied apartment which the other male had entered. Appellee was walking when he threw the item down and continued to walk towards Officer Garrett. Appellee walked in Garrett's direction because Garrett was parked by a gate which appellee would have had to walk through in order to leave the area. Officer Garrett got out of the car and grabbed appellee by the arm. The trial court granted the appellee's motion to suppress the evidence and the state filed a timely notice of appeal.
We realize that a trial court's ruling on a motion to suppress comes to this court with a presumption of correctness and that we must interpret the evidence and reasonable inferences in a light most favorable to sustaining these conclusions. Owen v. State, 560 So.2d 207 (Fla. 1990). In this case, however, we must reverse because there is no basis in the record for sustaining the ruling even after affording the trial court the presumption of correctness.
Since it was established that the officers had no justification to initially stop the appellee, the question is whether, at the time appellee dropped the cocaine, he had been seized within the meaning of the Fourth Amendment. According to California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), an individual is seized when he comes under an officer's control either by physical force or by submission to the assertion of authority. As stated by the Florida Supreme Court in Hollinger v. State, 620 So.2d 1242 (Fla. 1993), a person who flees from a show of authority has not been seized, while a person who remains in place and submissive to the show of authority has been seized. If a person submits to an officer's show of authority and does not attempt to escape, then a seizure has occurred and dropped contraband must be suppressed if the seizure was illegal. Hollinger.
The trial court erred because the testimony in this case could not support the conclusion that appellee, at the time he abandoned the cocaine, had submitted to the officer's show of authority. It is true that at the time appellee dropped the cocaine he was no longer running but instead was walking. However, the fact that appellee was walking instead of running does not indicate that appellee submitted to the officer's show of authority and was thus seized. This is not a case like Grant v. State, 596 So.2d 98 (Fla.2d DCA 1992), where the defendant responded to the officer's command and walked back towards the officer. As stated by the supreme court, Hodari D. "draws a clear distinction between those who yield to the authority of the police and those who flee." Hollinger, 620 So.2d at 1243. Appellee's actions could only reasonably be characterized as an attempt to escape and flee from the police. Appellee discarded cocaine while being pursued. Appellee was not seized until Officer Garrett physically subdued him by grabbing his arm. Perez v. State, 620 So.2d 1256 (Fla. 1993). Since appellee had not been seized at the time he dropped the cocaine, the abandonment was voluntary and suppression of the cocaine was error. Hodari D. Accordingly, we reverse the order granting the motion for suppression of evidence.
Reversed and remanded for proceedings consistent herewith.
SCHOONOVER, A.C.J., and PATTERSON and FULMER, JJ., concur.