667 So.2d 418 (1996)
John D. GIPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0729.
District Court of Appeal of Florida, Fifth District.
January 19, 1996.
*419 James B. Gibson, Public Defender, and Erin J. O'Leary, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
John Gipson appeals his judgment and sentence which were entered by the trial court after he pleaded nolo contendere to the charge of possession of cocaine[1]. Because the trial court erred in denying Gipson's motion to suppress, we reverse.
After Gipson was charged with possession of cocaine, he filed a pre-trial motion to suppress the cocaine which was seized at the time of his arrest, arguing that the cocaine was obtained as a result of an unlawful seizure. The trial court conducted a hearing and then denied the motion. Gipson thereafter entered a plea of nolo contendere to the possession charge, properly reserving the right to appeal the order denying his motion to suppress. This timely appeal followed.
Review of the transcript of the suppression hearing reflects that, on the night of Gipson's arrest, December 14, 1994, Officers Terry Sanders and Samuel Rigging were traveling in a patrol car, dressed in full uniform, when they observed Gipson walking along the sidewalk at approximately 6 o'clock in the evening. Sanders knew Gipson and had talked with him many times in the past. When Gipson saw the patrol car he "quickly put his left hand behind his back." As a result of this action, the officers stopped the patrol car, and Sanders exited. Sanders asked Gipson, "Can I talk to you?" Gipson responded, "Yes." As Gipson moved toward the patrol car, Sanders told him to take his hand out of his pocket. Gipson complied with this command, but "quickly put his hand behind his back again." By this time, Rigging had also left the patrol car and was standing approximately three feet behind Gipson. When Sanders saw that Rigging took no action when Gipson put his hand behind his back, Sanders was certain Gipson was not holding a weapon. Sanders did believe, however, that Gipson had contraband in his hand, so he said, "Give me the dope you have in your hand." Gipson responded by handing over to Sanders "five stamp-sized baggies, each containing a small yellowish rock".
The issue for our determination is whether these circumstances, which obviously began as a consensual encounter, evolved into an illegal seizure. We conclude that an illegal seizure did occur.
A consensual encounter involves minimal police contact without seizure and, therefore, unlike a seizure, such an encounter does not intrude upon a constitutionally protected interest under the Fourth Amendment. State v. Simons, 549 So.2d 785, 786 (Fla. 2d DCA 1989). In reviewing a claim that certain police contact constituted a seizure, our courts must look to the totality of the circumstances and decide whether a reasonable person would have believed that he or she was free to leave. State v. Wilson, 566 So.2d 585, 587 (Fla. 2d DCA 1990) (citing United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980)). In this regard, our supreme court has held that "a person is seized if, under the circumstances, a reasonable person would conclude that he or she is not free to end the encounter and depart." Popple v. State, 626 So.2d 185, 188 (Fla. 1993). Importantly, if a person chooses to remain in the presence of the *420 police in submission to a police officer's show of authority, a seizure has occurred. Hollinger v. State, 620 So.2d 1242 (Fla. 1993). Our courts have recognized that examples of such submission to authority include situations where an officer orders a person to take his hands out of his pockets or orders a person to hand over something in his hands, explaining that a reasonable person in such circumstances would not conclude that he or she were free to disregard such a show of authority. See Harrison v. State, 627 So.2d 583 (Fla. 5th DCA 1993); Dees v. State, 564 So.2d 1166 (Fla. 1st DCA 1990).
Here, when Sanders asked Gipson whether he could speak with him and Gipson responded affirmatively, no more than a consensual encounter took place. However, when Gipson later acquiesced to Sanders' command to take his hands out of his pocket, the encounter evolved into a seizure. The conclusion that a seizure occurred in this case is further supported by the unrefuted evidence that Gipson immediately complied with Sander's next command to give him "the dope in (his) hand" because, at the time these demands were made of Gipson, both officers were out of the patrol car, the car was parked just a short distance away, and Sanders was standing approximately three feet in front of Gipson, while Rigging was the same distance behind him. In our view, when Gipson complied with Sander's order to give him the dope he was holding in his hand, Gipson was acquiescing to Sander's show of authority, and, as a result, his freedom was restrained thus constituting a seizure of his person because, under these circumstances, no reasonable person would conclude that he or she was free to leave. See Harrison v. State, 627 So.2d 583 (Fla. 5th DCA 1993). See also Mayhue v. State, 659 So.2d 417 (Fla. 2d DCA 1995); Johnson v. State, 610 So.2d 581 (Fla. 1st DCA 1992), rev. denied, 623 So.2d 495 (Fla. 1993).
The issue next becomes whether such seizure was illegal. In this regard, a seizure of a person without a warrant is legal provided that the police have probable cause to believe that the detainee has committed or is committing a crime. State v. Simons, 549 So.2d 785, 786 (Fla. 2d DCA 1989). The instant record establishes that the state failed to lay an adequate predicate to prove that the officers had the probable cause necessary to authorize a seizure of Gipson. It follows therefore that Gipson's judgment and sentence must be vacated, the denial of the motion to suppress reversed, and this matter remanded for further proceedings because the cocaine seized as a result of Gipson's seizure should have been suppressed as the fruit of an illegal seizure. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
VACATED, REVERSED, and REMANDED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] § 893.13, Fla. Stat. (1993).