PER CURIAM.
Percy Bowe (Bowe), appeals the lower court’s final judgment of conviction and sentence following entry of a plea reserving the right to appeal the denial of his motion to suppress.
City of Miami Police Officer Reginald Kin-chen testified that on July 17, 1996, he responded to a HUD housing project for single mothers and their children, in reference to individuals on the first and second floors who were not supposed to be there and were possibly selling narcotics. The police had received numerous complaints regarding young black males that had “taken over” the apartment complex and/or were distributing narcotics there. The complex was a three story building surrounded by a wire fence with two metal signs posted on the first floor that say: “No trespassing. No Loitering. No gambling. No narcotics. Will be arrested by the City of Miami Police Department.” Officer Kinchen testified that the sign goes on to say that failure to leave the premises “after warning” may result in arrest.
Officer Kinchen saw Bowe in the second floor hallway with two other individuals, who ran after a male yelled “nine-nine” — a code for “police.” Bowe did not run and instead turned and walked down the stairs toward the police. Officer Kinchen said, “Excuse me sir,” and Bowe stopped. He asked Bowe his name and reason for being in the building. Bowe responded with a name he could not spell and claimed he was visiting a lady in apartment 25 on the third floor, but the officer knew that apartment 25 was on the second floor. Bowe appeared extremely nervous and aggressive and closed his right hand into a fist. Officer Kinchen told Bowe to relax his fist, as he was concerned that he might be struck. Bowe did not comply. The officer again ordered Bowe to relax and open his fist. Bowe opened his hand exposing a pack of cocaine rock and asked the officer to give him a break as he would lose his job if he went to jail. Officer Kinchen then arrested Bowe for trespass of a structure and possession of cocaine.
On cross-examination, Officer Kinchen testified that while men cannot live in the apartment complex, it is not illegal for them to be *1084 there. He acknowledged he did not see Bowe commit any crime.
We hold that although the initial encounter between Bowe and Officer Kinchen was consensual, it became an illegal seizure when the officer ordered Bowe to open his fist. The officer candidly admitted that he did not believe Bowe’s closed fist contained a weapon; that his instruction to open the fist was a “demand,” and that Bowe was not free to leave. Under these facts we are compelled to conclude that the physical evidence contained in Bowe’s fist should have been suppressed. Gipson v. State, 667 So.2d 418 (Fla. 5th DCA 1996); Mayhue v. State, 659 So.2d 417 (Fla. 2d DCA 1995); Shackelford v. State, 579 So.2d 306 (Fla. 2d DCA 1991); Sanchez v. State, 516 So.2d 1062 (Fla. 3d DCA 1988); Fortney v. State, 510 So.2d 967 (Fla. 5th DCA 1987).
We reverse and remand with instructions to discharge the defendant.