737 So.2d 1252 (1999)
STATE of Florida, Appellant,
v.
Derrick Lavar NEWTON, Appellee.
No. 99-34.
District Court of Appeal of Florida, Fifth District.
August 13, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
The state appeals an order entered by the trial court granting Newton's motion to suppress. We affirm.
The arresting officer testified that he walked up to appellee, who was accompanied by two other men, because he knew him and had arrested him before on drug charges, and asked him if he had any dope. When appellee replied in the negative, the officer "asked" him to open his mouth.[1] Newton complied, whereupon the officer spotted what he recognized as crack cocaine, ordered Newton to spit out the contents of his mouth, after which Newton was arrested. There was also testimony by Newton and one of the other men that when the officer approached them, he grabbed Newton by the collar, held his flashlight to Newton's face and ordered him to open his mouth.
The trial judge concluded that, in the totality of the circumstances, what may have started as a consensual encounter turned into a seizure, because Newton would not have felt free to leave. A trial court's ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness, and the appellate court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustain the trial court's ruling. McNamara v. State, 357 So.2d 410 (Fla. 1978).
Where evidence involved at the suppression hearing supports both a finding of a consensual encounter and a seizure and where the trial judge makes a *1253 factual finding that a reasonable person under the circumstances would not feel that he was free to go, the trial court's decision to suppress the evidence will be affirmed. See Hollinger v. State, 620 So.2d 1242 (Fla.1993).
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] The officer testified that appellee had previously been found to carry drugs in his mouth.