TAYLOR, J.
Appellant pled no contest to possession of clonazepam, reserving the right to appeal the denial of his motion to suppress. We reverse the trial court’s ruling on the suppression motion.
On November 16, 1998, Deputy Sheriff Frank Voudy responded to an automobile accident in the parking lot of a shopping center in Tamarac, Florida. The accident involved three vehicles: appellant’s car hit a parked car, causing the parked car to crash into a third. When Deputy Voudy arrived on the scene, a Tamarac Fire and Rescue team was examining appellant for possible injuries. As the deputy stood nearby, he observed that appellant was unable to answer the paramedics’ questions and “seemed like he wasn’t there.” According to the officer, “He was walking, but he wasn’t talking. He wasn’t able to answer any questions that were asked of him.” Appellant did not exhibit any signs of being under the influence of alcohol, so the paramedics checked him for symptoms of diabetic shock or a seizure.[1]
After further examination cleared appellant of these medical concerns, Deputy Voudy began his investigation. He asked appellant for his license. Appellant, who is Haitian, did not verbally respond to the officer but immediately began searching his pockets for his license. He was unable to produce it right away. The officer, who thought there might be a language barrier, continued to ask appellant “at least ten [times]” for his license and appellant continued rummaging through all his pockets, apparently in search of it. To help appellant understand what he was requesting, the officer took out his own wallet and license and showed it to appellant. He also helped appellant search through appellant’s wallet for the license.
After about twenty minutes had passed with appellant still failing to produce his license, appellant reached into his right front pocket and pulled his hand out in a closed fist. He then lowered his clenched fist down by his side. Thinking- that appellant was going to drop whatever was concealed in his hand, the officer grabbed appellant’s hand and forced it open. He asked appellant “what have you got in your hand?” Appellant responded that he had sleeping pills. The officer seized two clonazepam pills from appellant’s hand and, after further searching appellant, found an additional pill in his pocket. He also located appellant’s driver’s license in the pocket.
*1252 The trial judge denied appellant’s motion to suppress the clonazepam pills, ruling that the search was valid as a search incident to an arrest. The court opined that even though the officer did not arrest appellant prior to seizing the pills, he could have arrested appellant for obstructing justice because appellant failed to comply with the officer’s repeated requests for information necessary for his accident investigation. The court stated:
[Section] 816.062[,] [Florida Statutes] required Mr. Cineus to exhibit his Driver’s License to the police officer and tell the police officer his name and address. The police officer stated that he asked at least ten times and he emphasized that by saying without exaggeration. Mr. Cineus refused to cooperate with the police officer. At that point in time the police officer had probable cause to believe that he was obstructing the investigation without violence. Having probable cause to believe that that crime was committed, the police officer had the right to arrest him and to search him incident to the arrest. He didn’t do that, but that matters not, and the reason it matters not is because case law says as long as the police officer had probable cause to believe a crime was committed, even though the police officer doesn’t realize it, that any search incident to that arrest is a valid search, and since I’m making the finding that the police officer, even though he didn’t know it, the police officer did have probable cause to make an arrest for obstructing the investigation without violence, and the search was a valid search and, therefore, the Motion to Suppress is denied.
After reviewing the record of the suppression hearing, we conclude that the officer did not have the requisite probable cause to arrest appellant for obstruction of justice. Under section 843.02, Florida Statutes (1997), a conviction for obstruction of justice requires proof that: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the action by the defendant constituted obstruction or resistance of that lawful duty. S.G.K. v. State, 657 So.2d 1246, 1247 (Fla. 1st DCA 1995). Here, it is undisputed that Officer Voudy was engaged in the lawful execution of a legal duty, i.e., obtaining information for an accident investigation pursuant to section 316.062, Florida Statutes. However, the facts do not show that appellant did anything to obstruct or resist Officer Vou-dy in the performance of that duty. The officer testified that he became “impatient” with appellant because he was taking too long to produce his license; he simply wanted to get the information and complete his report. He acknowledged, however, that appellant was cooperative throughout his investigation and that he was diligently searching for his license. The record contains no direct evidence or evidence from which it can reasonably be inferred that appellant refused to cooperate with the police officer or purposefully attempted to obstruct his investigation.
The officer’s conduct in grabbing appellant’s hand constituted a search. See Wallace v. State, 540 So.2d 254 (Fla. 4th DCA 1989)(a police demand that an individual disclose or hand over a concealed object is treated as a search), citing State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA), cert. denied, 383 So.2d 1200 (Fla.1980). The search was not justified as a search incident to a valid arrest, because, as we determined above, the officer lacked probable cause to arrest appellant for obstruction of justice.
Furthermore, the trial court did not find, nor does the state argue, that the officer’s search was based upon probable cause to believe that appellant possessed contraband.[2] Likewise, the state does not *1253 contend, nor does the record reveal, that the officer had any safety concerns or belief that appellant was armed with a dangerous weapon.
Because the search was unlawful, the seized items should have been suppressed. See Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
REVERSED and REMANDED.
WARNER, C.J., and KLEIN, J., concur.

. The officer also administered roadside sobriety tests, which appellant passed “fairly well.”

. There was conflicting evidence concerning whether appellant told the officer he had sleeping pills in his possession before or after the officer grabbed appellant’s hand and looked inside. During the state's direct examination, the officer testified that he be *1253 lieved appellant told him he had sleeping pills in his possession as the officer reached for appellant’s closed hand but before he actually grabbed it and looked inside. However, when the trial judge asked the officer what he thought was in appellant’s hand when he grabbed it, the officer responded: "I didn’t have any idea, that’s why I grabbed for it, so I could see what was in his hand.” In ruling on the motion to suppress the court did not find that the officer had probable cause to believe that appellant possessed contraband. The state apparently adopts the view that the court resolved the conflicting testimony on this issue against it. For in the factual portion of its answer brief, the state asserted that appellant told the officer he had sleeping pills after the officer grabbed his hand and asked what he was holding.