SALCINES, Judge.
Leroy Armstrong was charged with possession of cocaine and possession of drug paraphernalia. He entered a plea of no contest to the offenses, reserving his right to appeal the denial of his dispositive motion to suppress. We agree that the trial court erred in denying the motion and reverse.
Armstrong and a friend were walking down the street when a Fort Myers police officer passed by in his marked patrol car. The officer stopped his vehicle and exited. The officer asked Armstrong to come to him. Armstrong complied. As he approached, the officer noticed that one of Armstrong’s hands “was kind of cupped closed.” The officer did not believe Armstrong had a weapon but suspected that he had narcotics in his hand. The officer asked Armstrong to open his hand. The arrest report prepared by the officer as well as the testimony given by the officer and by Armstrong lead this court to the conclusion that the statement was a demand. Under the totality of the circumstances, a reasonable person in Armstrong’s position “would conclude that he or she [was] not free to end the encounter and depart.” See Gipson v. State, 667 So.2d 418, 419 (Fla. 5th DCA 1996) (quoting Popple v. State, 626 So.2d 185, 188 (Fla.1993)). In the present case, Armstrong submitted to the police officer’s show of authority and a seizure occurred. See id.
Accordingly, we reverse the trial court’s order denying the motion to suppress and remand this cause to the trial court with instructions to vacate Armstrong’s judgments and sentences and to discharge him for these convictions.
Reversed and remanded with instructions.
WHATLEY and WALLACE, JJ., Concur.