538 So.2d 1377 (1989)
Alphonzo McCREARY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-777.
District Court of Appeal of Florida, First District.
March 2, 1989.
Rehearing Denied March 31, 1989.
Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn A. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Alphonzo McCreary appeals his conviction of unlawful possession of drug paraphernalia *1378 on the ground that the trial court erred in denying his motion to suppress evidence seized from him at the time of his arrest. We reverse.
The evidence in this case established that on September 13, 1987, at approximately 5:00 p.m., Deputy Sheriffs Allen Barton and Kenneth Forrester of the Escambia County Sheriff's Department observed a vehicle bearing Texas license plates parked in front of a lounge in a predominantly black area of Pensacola that is known for drug-related crimes. A white male was sitting in the driver seat; appellant, a black male, was sitting in the front passenger seat; a white female was sitting between the driver and appellant; and a second black male was sitting in the back seat. Although the officers observed no illegal activity, they parked their patrol car behind the subject car. Officer Barton then approached the driver and Officer Forrester approached the passenger's side of the vehicle. Officer Forrester asked appellant to get out of the car and asked him his name. Appellant gave him a false name. Forrester got the other persons' names, went back to the patrol car, and ran a warrant check on them, which came up negative. Meanwhile, Officer Barton talked to the driver, who had gotten out of the car. After the negative warrant check, Barton returned to look around the car and observed some needles on the floorboard of the right passenger side of the vehicle. Forrester and Barton then put the driver in the patrol car, and the driver told them that he was trying to buy narcotics from appellant and that appellant had the narcotics in his shoe. The driver said his wife had a serious narcotics habit and he was trying to purchase either heroin or cocaine for her. The officers then asked appellant if they could check his shoe. While appellant was taking off one of his shoes, Officer Barton noticed that appellant's hand was on the side of his foot and it appeared that he was trying to break up something. Barton reached down and grabbed appellant's hand, and at that point appellant shoved Barton to the ground and ran to the rear of the lounge. At that time, Barton's K-9 dog jumped out of the patrol car and pursued appellant. The dog caught appellant and the officers brought appellant under control and handcuffed him. Officer Forrester then looked in appellant's other shoe and found a small red balloon and two or three red capsules containing a white powdery substance. The lab report on this substance indicated that it was not any type of drug.
The State charged appellant with unlawful possession of drug paraphernalia, along with other charges not pertinent to this appeal, and appellant filed a motion to suppress the seized evidence. After the court denied the motion, appellant entered a plea of no contest, reserving the right to appeal this denial, and the court adjudicated him guilty of unlawful possession of drug paraphernalia. Appellant argues on appeal that the court erred in denying his motion to suppress because the officers did not have the reasonable suspicion required for the detention to be constitutional.
We find that the officers' actions of parking their patrol car behind the vehicle in which appellant was sitting, ordering the occupants out of the car, and asking their identities, constituted an investigatory stop. See Currens v. State, 363 So.2d 1116 (Fla. 4th DCA 1978) (officer conducted investigatory stop where he observed a legally parked vehicle, stationed himself where he could observe the car for a few minutes, saw no unusual activity, pulled his motorcycle up to and adjacent with the vehicle, noticed the defendant make a quick motion with his hand between his legs, and then ordered the defendant out of the vehicle). To be valid, the stop must have been predicated on a founded or reasonable suspicion requiring further investigation to determine whether the vehicle's occupants committed, were committing, or were about to commit a crime. McCloud v. State, 491 So.2d 1164 (Fla. 2d DCA 1986). See § 901.151, Florida Statutes (1987).
In determining whether sufficient evidence to support a founded suspicion exists *1379 at the time of an investigatory stop, the court should consider all the facts that were known to the officers prior to the stop. Adams v. State, 523 So.2d 190 (Fla. 1st DCA 1988); State v. Lewis, 406 So.2d 79 (Fla. 2d DCA 1981). Here, Officer Barton testified that the "sum total of probable cause ... to approach the car" was that the car contained two blacks and two whites, bore out-of-state tags, and was parked in an area known for drug activity.
Mere presence in a predominantly black, high-crime area is not a sufficient basis upon which to justify a stop. Bartlett v. State, 508 So.2d 567 (Fla. 2d DCA 1987); Cobb v. State, 511 So.2d 698 (Fla. 3d DCA 1987). Furthermore, the fact that an officer's suspicion of criminal activity is based in part on the fact that the car in which the defendant was riding contained a racially-mixed group of people does not justify an investigatory stop. Spann v. State, 529 So.2d 825 (Fla. 4th DCA 1988).[1] Accordingly, the facts of this case, even when taken together as viewed by experienced officers, were not sufficient to justify the investigatory stop, and the lower court erred in denying appellant's motion to suppress. The conviction is REVERSED and the case REMANDED with directions to discharge the defendant.
SHIVERS and BARFIELD, JJ., concur.
NOTES
[1] In Spann, the officer noticed a vehicle containing a white female, white male, and black male stop in a black neighborhood, the driver pulled off the pavement onto the shoulder of the road and turned the headlights off, the black male exited car, walked down the street, entered a restaurant and returned to the car. The officer testified that he had seen other whites using black people to make drug purchases for them so they would not get "ripped off," and that he believed that to be the situation in Spann. The fourth district court held that these observations, even in light of the officer's experience and knowledge, were insufficient to constitute a founded suspicion that the defendant had committed, was committing, or was about to commit a crime justifying an investigatory stop.