658 So.2d 173 (1995)
James TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2524.
District Court of Appeal of Florida, Fifth District.
July 21, 1995.
James B. Gibson, Public Defender, and Nancy Ryan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mark S. Dunn, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
James Taylor was parked (he was actually in his vehicle with the motor running) in a private driveway behind an apartment complex. As he was about to leave, a police officer pulled up behind him, approached his vehicle, and ordered him to turn off his motor and give him his driver's license. The officer's conduct, without even a suspicion that a crime was being or had been committed, was an improper seizure of Mr. Taylor. The search which followed, without a showing of an unequivocal break in the chain of illegality (the improper seizure), even if consent was given, was invalid. See Norman v. State, 379 So.2d 643 (Fla. 1980); State v. Paul, 638 So.2d 537 (Fla. 5th DCA 1994), rev. denied, 654 So.2d 131 (Fla. 1995). The motion to suppress should have been granted.
Given the foregoing, we need not decide whether the trial court's error in allowing the state to compel the defendant as a witness at the suppression hearing was harmless per State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), as contended by the state.
*174 REVERSED and REMANDED with instructions to discharge the defendant.
COBB, HARRIS and THOMPSON, JJ., concur.