RYDER, Acting Chief Judge.
Arthur Horton pleaded no contest to the charges of possession of cocaine, possession of paraphernalia and possession of less than twenty grams of marijuana. He reserved his right to appeal the trial court’s denial of his dispositive motion to suppress evidence. Horton argues that the police illegally detained him and that the confiscation of drugs and paraphernalia was the fruit of this unconstitutional seizure. We agree, reverse and remand to the trial court with directions to discharge him.
The facts surrounding Horton’s encounter with the police were presented at the hearing on his motion. Lee County Deputy Glenn Kraft testified that while on road patrol he noticed a ear with three occupants parked in front of a burned-out house. It was about 9:00 in the morning and the car was legally parked. Deputy Kraft pulled in behind the parked car and walked toward it. Horton was in the back seat. As the deputy approached, he “saw several items fall from [Horton’s] hands onto the back floorboards.” Kraft attempted to open the back door of the car, but it was locked. He ordered the driver to unlock the door and the driver complied. The deputy then saw Horton throw a silver-colored item on the car’s floorboard. He pulled Horton out of the car and placed him in his patrol ear. Kraft checked the floorboards and removed a pipe, a plastic container of marijuana and some screening used in smoking rock cocaine.
A police officer does not need a founded suspicion of criminal activity in order to approach a citizen. This is considered a consensual encounter, during which the citizen may choose to comply with the officer’s requests or ignore them. Because the citizen is free to leave, constitutional safeguards are not invoked. Popple v. State, 626 So.2d 185, 186-187 (Fla.1993). Constitutional protections are implicated if there has been a show of official authority from which a reasonable person would conclude that he is not free to leave. Popple, 626 So.2d at 188; Jacobson v. State, 476 So.2d 1282, 1285 (Fla.1985). “[A] police officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime. § 901.151 Fla.Stat. (1991).” Popple, 626 So.2d at 186.
Deputy Kraft’s attempt to enter the ear and his order to open the locked door constituted an official show of authority. No reasonable person would believe he was free to leave or to disregard the deputy’s order. Horton’s detention began at that point. While the fact that the ear was parked in front of a burned house and the fact that Horton dropped something on the floorboard might raise a suspicion of criminal activity, these facts do not provide the reasonable suspicion necessary to detain a person. This case is very similar to G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985). There, two police officers noticed an occupied car parked in an alley. Although they had no reports of stolen vehicles, the officers decided to approach the car. As they did, they saw G.J.P., the front seat passenger, make a quick movement with his head and hand. The officers ordered the occupants out of the car and then discovered drugs on the passenger side of the vehicle. We reversed the trial court’s denial of G.J.P.’s motion to suppress the evidence on the grounds that the officers did not have a founded suspicion to detain him.
We hold that Horton’s detention was illegal and the officer’s resulting acquisition of the paraphernalia and drugs was the fruit of an unconstitutional seizure. Accordingly, we reverse the lower court’s denial of Horton’s motion to suppress evidence, and remand with directions to discharge him.
Reversed and remanded.
CAMPBELL and SCHOONOVER, 33., concur.