DAUKSCH, Judge.
This is an appeal from convictions for armed robbery, robbery with a firearm, and possession of a firearm by a convicted felon.
Because the starter pistol which was used by the appellant in committing his crimes was not within the statutory definition *117 of a weapon which “will, is designed to, or may readily be converted to expel a projectile by the action of an explosive,” the court erred in convicting appellant of these firearm crimes. § 790.001(6), Fla.Stat. (1993).
The facts are as follows. On February 9, 1994, at approximately 4:30 a.m., a Krystal restaurant was robbed. The robber, with a gun in his hand, took money and a payroll cheek from the assistant manager and then fled the scene. The assistant manager reported the robbery to the police. A Casselberry police officer heard a robbery report over the radio and pulled over a vehicle answering the description given by the restaurant employees. The vehicle, which appellant was driving, contained a bag of money and a starter pistol. Appellant was found guilty at trial of armed robbery, armed robbery with a firearm, and possession of a firearm by a convicted felon.
Rathman, a firearms expert, testified regarding the starter pistol. He testified that the gun was an Italian-made starter pistol which was modified several times. Rathman stated that an obstruction which prevented the pistol from firing had been removed from the barrel. Also, the firing pin appeared to have been filed down.
Rathman testified that he made at least three attempts to fire the pistol. His first attempt failed. Rathman concluded that the misalignment of the firing pin was the reason the pistol did not fire. In an effort to remedy the misalignment, he manually manipulated the cylinder so the hammer would strike the rim of the .22 cartridge. This attempt failed also. Rathman concluded that there was not enough support for the pistol to fire a projectile due to the cylinder being constructed of plastic. It became apparent to Rathman that he needed to construct a mechanism which would provide the needed support in order to fire the pistol.
Prior to his third attempt to fire the pistol, he took a steel washer, cut it, and formed it around the pistol’s cylinder to provide support for the cartridge. He then rotated the cylinder and manually misaligned the firing pin and finally succeeded in getting the pistol to fire. Rathman testified that the whole process took between one and two hours.
Given that the statute defining firearm requires that a weapon be at least readily convertible to fire a projectile, and given that this starter pistol was not, it was error to convict this appellant of the firearm crimes.
It was also error for the trial court to convict appellant of armed robbery in the first count when appellant was charged with armed burglary and found guilty by the jury of armed burglary.
The judgments and sentences are reversed. This cause is remanded for entry of judgments of conviction for burglary, robbery and acquittal of possession of a firearm. Appellant must be resentenced in accordance with the proper judgments.
REVERSED and REMANDED.
W. SHARP and THOMPSON, JJ., concur.