662 So.2d 400 (1995)
Jonathan G. HARRELSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 95-661.
District Court of Appeal of Florida, First District.
November 3, 1995.
*401 Nancy A. Daniels, Public Defender and Raymond Dix, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Thomas Falkinburg, Assistant Attorney General, Tallahassee, for Appellee.
JOANOS, Judge.
This is a petition for writ of common law certiorari to review an order of the circuit court acting in its appellate capacity. The circuit court order affirmed a county court ruling which denied the petitioner's motion to suppress evidence. We have jurisdiction. Art. V, § 4(b)(3), Fla. Const.; Fla.R.App.P. 9.030(b)(2)(b). We grant the petition, and quash the order of the circuit court.
This case is concerned with the restriction of petitioner's liberty in the context of an investigatory stop. On December 19, 1993, at 1:08 a.m., a highway patrol trooper issued petitioner a Florida DUI Uniform Traffic Citation. The probable cause affidavit filed by the trooper states in part:
I observed a vehicle in a driveway just off State Road 12. The vehicle had its interior light on. This area has a lot of home robberies. I approached the vehicle on the driver side white male seated behind the wheel keys in the ignition and listening to the radio. The white male had a plastic cup half full of liquid. It smelled of an unknown alcoholic beverage. He told me later it was rum and coke. His green eyes were bloodshot, the unknown alcoholic beverage was strong. He handed me a Florida ID card with his photo.
The affidavit also indicates that, at the trooper's request, the petitioner performed various road skills. When the tests were concluded, the trooper arrested the petitioner and charged him with being in actual physical control of a vehicle while under the influence of alcohol.
Petitioner filed a motion to suppress all evidence obtained after the traffic stop. Among other things, the motion stated:
1. On December 19, 1993, at approximately 1:08 a.m., Defendant was observed in a vehicle parked in a driveway with its interior light on.
2. Trooper R.A. Boucher of the Florida Highway Patrol approached the vehicle because he had heard that there were a lot of home burglaries in this area.
3. Trooper Boucher saw the Defendant behind the wheel of the vehicle with the key in the ignition, listening to the radio, and the trooper smelled Defendant's beverage, which had the odor of a strong alcoholic beverage.
... .
8. Trooper Boucher had no reasonable suspicion to believe that a crime was being committed when he first approached Defendant, and Trooper Boucher did not witness Defendant committing any crimes prior to initiating contact with Defendant.
The trooper was not present at the suppression hearing. The petitioner testified *402 that he had been watching drag races on the night of his arrest. When the trooper approached, the petitioner was seated in the driver's seat of his car with the window closed. Another person was seated in the front passenger seat. The vehicle was not moving. The trooper walked up to the driver's door and asked petitioner to step out of the car. Petitioner opened the door, stepped out of the car, and at the trooper's instruction, handed the cup he was holding to the trooper. The trooper smelled the cup, then ascertained from the petitioner that it contained rum and Coca-Cola. At that point, the trooper asked the petitioner to perform some field sobriety tests. Another officer was standing at the rear of the petitioner's car. The trooper's vehicle was parked directly behind the petitioner's vehicle.
At the conclusion of the petitioner's testimony and the arguments of respective counsel, the county court judge observed that the trooper never questioned petitioner about the home burglaries. Surmising that the trooper was distracted when he smelled alcohol, the judge stated:
We haven't heard the Trooper's side of this. We have the facts set forth in the motion to suppress and the defendant's testimony and that's all I've got. That's what I've got to decide this case on. I don't know that Boucher would add anything to it.
... .
Did this officer unduly intrude on this young man's liberty or did this officer do a super duper job of law enforcement whatever the reason? I'm going to deny the motion. It's not an easy decision.
The petitioner pled no contest to the DUI charge, reserving his right to appeal the trial court's denial of his motion to suppress. The circuit court judge affirmed the trial court's ruling, finding "the presumption of correctness of the court's order of judgment and sentence in the lower court has not been overcome and the conviction is therefore AFFIRMED."
The standard for a district court's discretionary review of a circuit court's order on review of a criminal case which originated in county court, is whether the circuit court departed from the essential requirements of law in rendering its decision. Combs v. State, 436 So.2d 93, 95-96 (Fla. 1983). In other words, the district court should determine whether there has been "a violation of a clearly established principle of law resulting in a miscarriage of justice." Haines City Community Development v. Heggs, 658 So.2d 523, 529 (Fla. 1995), quoting Combs. See also Davis v. Department of Highway Safety and Motor Vehicles, 660 So.2d 775 (Fla. 1st DCA 1995). In making the determination, "the errors in question must be viewed in the context of the individual case." Haines City, 658 So.2d at 531. The district courts are accorded a large degree of discretion in granting petitions for writs of common-law certiorari. Combs, 436 So.2d at 95-96.
In the context of a traffic violation, an investigatory stop must be "predicated on a founded or reasonable suspicion requiring further investigation to determine whether the vehicle's occupants committed, were committing, or were about to commit a crime." § 901.151, Fla. Stat. (1993); McCreary v. State, 538 So.2d 1377, 1378 (Fla. 1st DCA 1989). The safeguards provided by the Fourth Amendment prohibit investigatory stops, unless there exists a "well-founded, articulable suspicion of criminal activity. Mere suspicion is not enough to support a stop." Popple v. State, 626 So.2d 185, 186 (Fla. 1993). A person is seized for Fourth Amendment purposes if, under the circumstances, a reasonable person would conclude that he or she was not free to end the encounter and depart. Id. at 187-188.
In determining the sufficiency of the evidence to support a founded suspicion at the time of the stop, the reviewing court should consider all the facts known to the officer prior to the stop. It is well settled that mere presence in a high crime area is not a sufficient basis to justify a stop. McCreary, 538 So.2d at 1378-1379, and cases there cited. Similarly, furtive movement, without more, cannot furnish the sounded suspicion necessary for an investigatory stop. Dees v. State, 564 So.2d 1166, 1168-1169 (Fla. 1st DCA 1990).
*403 In reversing the denial of the motion to suppress in Popple, the supreme court found Popple was seized for Fourth Amendment purposes because he did not consent to exit his vehicle. Rather, he complied with the officer's order to do so. 626 So.2d at 187-188. See also Lofton v. State, 658 So.2d 1235 (Fla. 1st DCA 1995) (restrictions placed on appellant's freedom to leave inconsistent with a consensual encounter; insufficient evidence to establish a reasonable suspicion to justify temporary detention of appellant); Taylor v. State, 658 So.2d 173 (Fla. 5th DCA 1995) (Taylor was seized improperly when police officer parked patrol car behind car parked in private driveway, and ordered driver to turn off his motor and produce his driver's license, without a suspicion that a crime was being or had been committed).
A different result obtained in State v. Hughes, 562 So.2d 795 (Fla. 1st DCA 1990). In Hughes, officers pulled behind a legally parked vehicle, although they had no grounds for a stop or detention. One officer shined his flashlight in the passenger window and observed crack cocaine on the floorboard. The Hughes panel distinguished McCreary on the ground that officers in that case ordered McCreary out of the car before observing any criminal activity, while in Hughes, the officers were properly situated outside the vehicle in such a way that, with the aid of a flashlight, they could clearly see crack cocaine on the floorboard. Based on this distinction, the court reversed the trial court's suppression of the evidence. 562 So.2d at 798.
The suppression issue in this case turns upon the propriety of the investigatory stop. Since the petitioner's car was parked in a driveway rather than on a public thoroughfare, the trooper's act of parking behind petitioner's car restricted his freedom to leave. Popple. Facts known to the trooper before he effected the stop were: (1) the time was 1:08 a.m., (2) there had been home robberies in the area, and (3) petitioner and another person were seated in a parked car in a driveway with the light on in the interior. There is nothing in the record to suggest that the trooper had received a report of a recent robbery, or that a suspected robber had been seen in the area. The established facts, without more, are insufficient to support a well-founded, articulable suspicion that petitioner had been, or was about to be, involved in criminal activity. In the circumstances of this case, the petitioner's liberty was improperly restrained before the trooper asked him to get out of his car, and before the trooper ascertained that petitioner was in possession of an alcoholic beverage.
As a final note, we reject respondent's assertion that, due to the trial court's failure to make findings of fact, the petitioner is unable to show the rulings in question departed from the essential requirements of law. Clearly, specific findings of fact facilitate meaningful appellate review, and this court routinely instructs trial judges to furnish findings of fact in support of their orders. Certainly, trial judges should articulate the facts relied upon in the determination of a suppression issue. The failure of the county court and the circuit court judges to make such findings in this case does not preclude review. The record demonstrates an absence of evidence from which the trooper could form the reasonable suspicion necessary to justify the investigatory stop. Application of this record evidence to established legal principles governing the propriety of investigatory stops, demonstrates that the circuit court departed from the essential requirements of law in rendering its decision.
Accordingly, we quash the circuit court's order affirming the denial of the motion to suppress evidence, and remand this cause with directions to vacate petitioner's conviction, and to grant the motion to suppress.
BENTON, J., concurs.
BOOTH, J., dissents.