PER CURIAM.
Hernandez appeals the denial of his motion to suppress cocaine obtained from him by deputies during an encounter at a pay telephone. He entered a no contest plea to a charge of cocaine possession, reserving his right to appeal the denial of the motion. We reverse.
Evidence presented at the suppression hearing revealed that on June 1, 1994, two uniformed deputies driving a marked patrol car noticed a car with a cracked windshield move from the front of a gas station convenience store to a pay telephone fifty yards away. The deputies followed the ear, and watched the driver get out of the car and walk toward Hernandez, who was standing near the pay telephone holding a telephone handset. O’Leary, the deputy who testified at the suppression hearing, asked the driver what he was doing and said that the deputies needed to talk with him. The driver replied that he was picking up his friend, Hernandez. After additional questioning, the driver admitted that he had no driver’s license. The deputies arrested the driver and handcuffed him. O’Leary then approached Hernandez near the telephone and began to question him, because, O’Leary testified, he wanted to see if Hernandez had a driver’s license and could move the car with the cracked windshield.
At this point, the testimony of O’Leary and Hernandez differs but does not clearly conflict. According to O’Leary, Hernandez “became concerned with what was going on with his friend and discontinued the conversation.” Hernandez was holding the telephone receiver, but not near his ear or his mouth. O’Leary stated, “I walked over to the defendant and basically asked him if he was going to be able to take the vehicle, if he had a driver’s license, what his name was, began taking down his name, his date of birth, because he stated that he did not have his driver’s license with him.” O’Leary said he immediately asked Hernandez if he had any weapons on him and he asked what was in his pocket. Hernandez then voluntarily removed a plastic bag of cocaine from his pocket.
Hernandez testified that he was on the phone when the deputy approached and asked him if it were a long distance phone *209 call. When Hernandez said it was not, O’Leary said ‘Well, hang it up.” According to Hernandez’ account, O’Leary said nothing further, but then began a pat-down and told him to empty his right pocket.
Deputy O’Leary was given two opportunities to clearly dispute Hernandez’ account of their initial encounter. On direct examination, when describing his approach to Hernandez, he stated: “I walked over to the defendant and basically asked him if he was going to be able to take the vehicle.... ” He did not immediately include a reference to Hernandez’ telephone conversation. During cross-examination, O’Leary was asked if he told Hernandez to hang up the telephone, and replied “No, I did not. No. Not that I recall asking him to hang up the phone.” The deputy added that he did not recall the initial exchange. Thus, he did not clearly contradict Hernandez’ testimony.
O’Leary’s statement “Well, hang it up,” coupled with the circumstances described (two uniformed deputies, a patrol car, and the view of his friend arrested and handcuffed), would be a show of authority under which a reasonable person would conclude that he or she is not free to end the encounter and depart. Dees v. State, 564 So.2d 1166 (Fla. 1st DCA 1990). A coercive show of authority may be effected by an officer’s threatening presence or the use of language or tone of voice indicating that compliance with the officer’s request might be compelled. Dees.
O’Leary’s statement to Hernandez to hang up the phone would give rise to an investigatory stop for which the officer needed a reasonable suspicion of criminal activity. Popple v. State, 626 So.2d 185 (Fla.1993). The state offered no testimony showing such a suspicion. The order denying Hernandez’ motion to suppress is therefore reversed. The case is remanded with instructions to discharge Hernandez.
Reversed.
THREADGILL, C.J., and FRANK and FULMER, JJ., concur.