685 So.2d 942 (1996)
Margaret E. BOWEN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-540.
District Court of Appeal of Florida, Fifth District.
December 20, 1996.
*943 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Bowen appeals from a final judgment and sentence, after the trial court denied her motion to suppress and she pled nolo contendere to possession of cocaine[1], reserving her right to appeal. We reverse.
At approximately 1:20 a.m. on August 19, 1994, Officer Jay Crose was in his patrol vehicle when he passed through the parking lot of a Red Roof Inn. He was part of a pro-active surveillance program, engaged in preventative measures and deterrents, in high-tourist areas in Orlando. There had been earlier robberies and burglaries at this motel, but none was reported that evening.
Crose became suspicious when he saw two people in a legally-parked vehicle, with brake lights on but headlights off. The vehicle had a local tag and did not appear to be a rental car; it was an older model. For these reasons, Crose suspected it did not belong to anyone who had rented a room at the motel. He parked his vehicle forty to fifty feet away and watched the occupants for two to three minutes. He saw a head moving up and down, as if the occupants were fooling with something in their laps. They were fidgeting back and forth in the car, looking down, looking back up, and looking back down again. Crose could not tell whether the behavior was consistent with legal or illegal behavior; he had seen tourists behaving in a similar manner.
Crose left his vehicle and walked to within approximately eight feet of the parked vehicle. He was not out in the open, but over by a parked car, behind cover. He could not see inside the vehicle. From this distance he shined his light into the window and announced he was a police officer. The occupants were startled, and moved quickly. They appeared to lean forward and put something on the floorboard of the car. Crose was nervous about that behavior. His impression was they were trying to "tuck something away," but he couldn't actually see what was being done. Crose testified that his training was to order the occupants out of the vehicle and not go up close to it. He testified further that he never went up to a vehicle for personal safety reasons.
Crose felt he had to get the occupants out of the car because it looked like they were trying to hide something. He ordered them out of the vehicle and they complied immediately. Bowen exited from the passenger side, dropping a straw on the ground. Crose secured the straw and saw white powder on it, shined the light into the vehicle, and saw a razor blade and a mirror on the floorboard, with white powder on it. Crose then read Bowen and her sister (the other occupant) their rights. They admitted they jointly owned the cocaine.
The trial judge believed that Crose's observations justified him in ordering Bowen out of the vehicle. He also relied upon the fact that Crose is an experienced police officer, the early morning hour of the counter, that the vehicle was an older model with a local tag, that Crose was in fear when he saw the occupants lean down, and that they were in a tourist area, where other crimes had been committed.
When an officer orders a person out of his car, that person has been seized. Popple v. State, 626 So.2d 185 (Fla.1993). A law enforcement officer must have a reasonable suspicion that the person is, has, or is about to commit a crime. Popple. This requires a well-founded, articulable suspicion of criminal activity. Popple. A founded suspicion may be based on: 1) time of day; 2) day of week; 3) location; 4) physical appearance of the suspect; 5) appearance and manner of operation of any vehicle; and 6) anything unusual interpreted in light of the officer's knowledge. State v. Webb, 398 So.2d 820, 822 (Fla.1981). Where a person is seized without a well-founded, articulable reason to believe the person has, is, or is *944 about to commit a crime, the seizure is unreasonable. Popple; § 901.151(2). When an individual is unreasonably seized, any evidence obtained as a result of the seizure must be suppressed. Popple.
The facts in Popple were similar to those presented here. An officer approached Popple sitting alone in a legally-parked vehicle in a desolate area. When the officer approached, Popple reacted in a nervous manner, reaching under the seat and moving about in the car. The officer ordered him out of the car, saw a cocaine pipe on the floorboard, and got it out. The Florida Supreme Court held that the evidence seized should have been suppressed because the order to exit the vehicle was not supported by a founded suspicion. Similarly, in Harrelson v. State, 662 So.2d 400 (Fla. 1st DCA 1995), the court found it was unreasonable to order defendant out of car at 1:08 a.m. in area where robberies had been committed in the past, but where none had been committed that night. In Horton v. State, 660 So.2d 755 (Fla. 2d DCA 1995), the court held it was unreasonable to order defendant out of a legally parked vehicle where he dropped something on the floorboard.
Under Popple, Harrelson and Horton, Crose did not have a well-founded, articulable suspicion of criminal activity. The occupants' actions could just as easily have been attributable to legal activity as illegal activity. An older vehicle with a local tag does not give rise to a reasonable suspicion of criminal activity. And, as noted in Harrelson, the fact that there had been robberies in the area, but not that night, does not transform Crose's direction to exit the vehicle into one based on a founded suspicion. Instead, Crose's testimony amounts to merely a hunch, which is insufficient to justify an investigatory search. See Turner v. State, 674 So.2d 896 (Fla. 5th DCA 1996) (hunch alone is insufficient to justify investigatory search).
The state argues two other rationales support the order in this case: the totality of the circumstances, and the inevitable discovery rule. The Florida Supreme Court expressly rejected the totality-of-the-circumstances argument in Popple, in a footnote, and stated that to support the argument that the officer's fear justified ordering an occupant out of the vehicle "would mean that the police could order citizens out of their automobiles under almost any circumstances." Popple at 187, n. 1. The totality of the circumstances did not justify seizure in a high-crime area where a police officer had no reasonable suspicion of criminal activity. Popple. In this case, the vehicle was not even located in a high-crime area.
Similarly, the inevitable discovery rule is inapplicable. This rule, also known as the independent source doctrine, is an exception to the exclusionary rule. Importantly, the rule requires that the evidence discovered by illegal means be "ultimately or inevitably" discovered by lawful means. That is, the court must find that it would have been discovered independent of the constitutional violation. In such cases, the state must prove some official entity would have found the illegal evidence absent the illegal search and seizure. Nix v. Williams, 467 U.S. 431, 448-50, 104 S.Ct. 2501, 2511-12, 81 L.Ed.2d 377, 390-91 (1984); State v. Walton, 565 So.2d 381, 384 (Fla. 5th DCA 1990). Speculation may not play a part in the inevitable discovery rule; the focus must be on demonstrated fact, capable of verification. Nix, 467 U.S. at 444 n. 5, 104 S.Ct. at 2509, n. 5. See United States v. Ford, 22 F.3d 374 (1st Cir.), cert. denied, ___ U.S. ___, 115 S.Ct. 257, 130 L.Ed.2d 177 (1994). See also United States v. Owens, 782 F.2d 146 (10th Cir.1986) (the determination that the evidence would have been discovered by legal means may not be highly speculative).
The state did not make such a showing in this case. In fact, Crose made it abundantly clear that he never approached vehicles closely enough to see what was going on inside without first ordering the occupants out of the vehicle. In this case, all Crose knew was that the occupants could have been engaging in criminal activity, that the vehicle was an older model with a local tag, and that there had been earlier criminal activity at the motel.
A ruling on a motion to suppress is presumptively correct and must be interpreted *945 in a light most favorable to sustain the court's verdict. Thomas v. State, 644 So.2d 597 (Fla. 5th DCA 1994).[2] But in this case the evidence is not sufficient to support the lower court's finding.
REVERSED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] § 893.03(2)(a)(4), Fla. Stat. (1993).
[2] However, a recent case from the United States Court, Ornelas v. United States, ___ U.S. ___, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), held that determinations of founded suspicion are subject to a de novo review.