W. SHARP, Judge.
Harris petitions this court for the issuance of a writ of habeas corpus, seeking a belated appeal of his 1994 convictions for burglary of *1221 a structure and robbery because Ms appellate counsel was ineffective. We affirmed Ms judgment but remanded for resentencing in 1995. See Harris v. State, 661 So.2d 116 (Fla. 5th DCA 1995). On remand he was sentenced as an habitual offender to ten years incarceration for burglary, and twenty years concurrently for robbery. He appealed and his judgment and sentences were affirmed without opimon by this court. Harris v. State, 675 So.2d. 947 (Fla. 5th DCA 1996).
We deny the writ because we find no merit to Harris’ argument that in either appeal Ms appellate counsel was ineffective. Harris contends his appellate counsel should have argued the trial court erred in denying his motion to suppress evidence procured as the result of a stop, because it was made by a police officer outside his jurisdiction. However, at trial, the defense oMy argued that the officer should have procured a warrant prior to searching Harris’ car, and that was the reason the evidence should have been suppressed. Thus, the jurisdiction issue was not preserved for appeal purposes, since it was not argued to the trial court. Appellate counsel cannot be faulted for having failed to raise an issue which was not preserved for appellate review. Medina v. Dugger, 586 So.2d 317 (Fla.1991); Lambrix v. Dugger, 529 So.2d 1110 (Fla.1988).
Petition for Writ of Habeas Corpus DENIED.
GRIFFIN, C.J., and ANTOON, J., concur.