PER CURIAM.
J.E., a child, appeals from his adjudication of guilt for possession of cocaine, hashish and cannabis under 20 grams.[1] He argues his motion to suppress the evidence of the contraband should have been granted. He pled nolo contendere and preserved his right to appeal the suppression issue. We affirm.
At the suppression hearing, defense counsel argued that the police •wrongfully seized a tin containing marijuana and cocaine after it was handed to them by J.E.’s companion while they were sitting in J.E.’s car. On appeal, J.E. argues that the unconstitutional seizure occurred when a policeman blocked his car and shined his lights on the car.
A police officer on routine patrol observed J.E.’s car, parked in the woods after dark (11:22 p.m.) near an area close to a boat ramp and car park. The car park was closed except for boaters. But J.E.’s car had no trailer or boat attached. The officer also knew the park area had been the scene of others smoking marijuana or crack cocaine, and the neighborhood had been the scene of a number of burglaries. The police stop led to the discovery of the contraband, which J.E. now argues was a stop without founded or reasonable suspicion. See Popple v. State, 626 So.2d 185 (Fla.1993).
We agree with the state that this seizure argument was not preserved for appeal. Archer v. State, 613 So.2d 446, 448 (Fla. 1993); Harris v. State, 711 So.2d 1220, 1221 (Fla. 5th DCA 1998); Green v. State, 711 So.2d 69, 70 (Fla. 4th DCA 1998). However, even if it had been, because of the location of the car, the time of night, and the events that had previously occurred in the park, which were known to the police officers, we think the police officers had a reasonable suspicion that criminal activity might be occurring in J.E.’s car. See Bowen v. State, 685 So.2d 942, 943 (Fla. 5th DCA 1996). § 901.151(2), Fla. Stat.; State v. Webb, 398 So.2d 820, 822 (Fla.1981).
AFFIRMED.
W. SHARP, THOMPSON and ANTOON, JJ., concur.

. § 893.13(6)(a), Fla. Stal. (1997).