974 So.2d 449 (2007)
Bonnie Renee HUMPERT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-2196.
District Court of Appeal of Florida, First District.
December 31, 2007.
*450 Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Donna A. Gerace and Giselle Lylen Rivera, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges an order by which the trial court denied her motion to suppress. The appellant was convicted pursuant to a nolo contendere plea of possession of a controlled substance (cocaine), possession of less than 20 grams of marijuana, and possession of drug paraphernalia. When the deputy ordered the appellant out of her legally parked car, the consensual encounter became an investigatory stop. See Popple v. State, 626 So.2d 185 (Fla.1993). Based on the totality of the circumstances, there was no "wellfounded, articulable suspicion of criminal activity" justifying an investigatory stop., See id. at 187; State v. Taylor, 826 So.2d 399 (Fla. 3d DCA 2002); Miranda v. State, 816 So.2d 132 (Fla. 4th DCA 2002). Thus, the trial court erred in denying the appellant's motion to suppress the dispositive evidence which was seized as a result of the illegal search. See Dees v. State, 564 So.2d 1166, 1169 (Fla. 1st DCA 1990). Accordingly, the appellant's convictions are reversed and this case is remanded with directions that the appellant be discharged.
ALLEN, KAHN, and DAVIS, JJ., concur.